# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHIEM DUC VU, | 1:08-cv-01769-TAG HC |
| Petitioner, | ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION AS MOOT (Doc. 11) |
| v. | |
| ATTORNEY GENERAL, et al., | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| Respondents. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

At the time of the filing of the instant petition, Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE"), and Petitioner was proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c), Petitioner and Respondents consented to the jurisdiction of the United States Magistrate Judge. (Docs. 9, 10).

Petitioner originally filed his petition on November 19, 2008. (Doc. 1). The petition alleged that Petitioner was a citizen of Viet Nam, that he was subject to a final order of removal dated July 22, 2006, and that he had been in ICE custody since May 18, 2008. (Id., pp. 2-3). The petition challenged the legality of Petitioner's detention.

On February 2, 2008, Respondent filed the instant motion to dismiss for mootness. (Doc. 11). In that motion, Respondent alleges that Petitioner was successfully removed from the United States on January 13, 2009 and that therefore the petition is now moot.

///

1

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241©)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam, (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

In the instant case, the only issue raised in the petition is the lawfulness of Petitioner's ongoing detention by Respondent. Thus, the only relief which the Court could have afforded to Petitioner in these proceedings would be an order releasing him from Respondent's custody, in the event that the Court determined that his continued detention by ICE was unlawful. The record now before the Court establishes that Petitioner was removed from the United States on January 13, 2009. Because Petitioner is no longer in the custody of Respondents, there is no further relief that the Court can afford Petitioner in these habeas proceedings. Hence, the case is moot.

## **ORDER**

Accordingly, GOOD CAUSE having been established therefor, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss for mootness (Doc. 11), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as MOOT; and,
3. The Clerk of the Court is DIRECTED to enter judgment for Respondents and close the file.

IT IS SO ORDERED.

Dated: **April 1, 2009**     /s/ **Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE